IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03107-REB-KLM

ROBERT J. DRISKELL,

      Plaintiff,

v.

BRUCE R. THOMPSON, Chief Financial Officer (CFO), doing business as CFO Bruce R. Thompson Bank of America, N.A, and
BANK OF AMERICA N.A., et al, and John Doe 1-100, successor by merger BAC Home Loans Serving, LP, formerly known as Countrywide Home Loans, LP,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Ex Parte Order for Temporary Injunction/Restraining Order** [Docket No. 4; Filed November 28, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1C(3), the Motion has been referred to this Court for recommendation. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#4] be **DENIED**.

## I. BACKGROUND

Plaintiff, who proceeds in this matter *pro se*,[1] initiated this lawsuit on November 28,

---

[1] The Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on her behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

2012.  *See Compl.* [#1].  He seeks a temporary restraining order ("TRO") to enjoin Defendants from proceeding with a foreclosure sale on Plaintiff's property, which is scheduled for December 5, 2012.  [#4] at 2.  Plaintiff seeks this temporary relief pending the outcome of his lawsuit.  *Id.*  Other than including a short, one-paragraph summary of the claims alleged in his underlying lawsuit, the Motion contains no argument in support of the requested TRO.  *See* [#4].

Plaintiff's Complaint alleges, among other things, that Defendants violated various statutory and constitutional provisions by proceeding with an unlawful foreclosure of his property at 5347 E. Old Farm Circle, Colorado Springs, CO 80917.  [#1] at 5-17.  Plaintiff's claims are difficult to discern but in short, he appears to first allege that there was no loan because the originating bank did not loan its own money and because he has not been allowed to see the "originating debt instrument."  [#1] at 5-11.  Second, Plaintiff appears to allege that the debt was satisfied when he sent two "discharge instruments" totaling more than $140,000.00 to Bank of America.  *Id.* at 12-14.  According to Plaintiff, those discharge instruments were received and accepted by Bank of America.  *Id.*  Third, Plaintiff alleges violations of the Fair Debt Collection Practices Act.  *Id.* at 15-16.

Attached to the Complaint is a copy of a Deed of Trust signed by Plaintiff dated July 11, 2003.  [#1-1] at 1-11.  The Deed of Trust reflects that Plaintiff borrowed $152,000 to purchase the property and promised to pay the debt back to the lender.  *Id.*  Plaintiff agreed that the loan was secured by the property.  *Id.*  Also attached to the Complaint is a copy of the first page of a Fixed/Adjustable Rate Note that again shows Plaintiff borrowed $152,000.00 and promised to pay it back in monthly payments of $839.35 beginning on September 1, 2003.  [#1-1] at 12.

## II. ANALYSIS

Issuance of a TRO is discretionary with the Court.  *See Hinkel Dry Goods Co. v. Wichinson Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933).  Pursuant to Fed. R. Civ. P. 65(b)(1), a TRO may be issued without notice to the adverse party or its attorney:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Injunctive relief is intended to preserve the status quo until a final determination of the parties' rights can be reached.  *See Otero Savings & Loan Ass'n v. Fed. Res. Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir. 1981).

Pursuant to Fed. R. Civ. P. 65(b)(1)(A), Plaintiff must support his request for a temporary restraining order with an affidavit or verified complaint.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* litigants must follow the same procedural rules that govern other litigants).  Plaintiff's Motion [#4] is not supported by an affidavit, nor is Plaintiff's Complaint verified by a signature under penalty of perjury.  *See* [#4]; [#1] at 18.  Moreover, the affidavits signed by Plaintiff that are attached to the Complaint do not address the requirements of Rule 65(b)(1)(A).  *See* [#1-1] at 13-15; [#1-2] at 1-3.

Additionally, Plaintiff has failed to make any showing pursuant to Fed. R. Civ. P. 65(b)(1)(B) that he attempted to give Defendants notice of this proceeding and of his request for emergency injunctive relief.[2]  *See Brown v. Deutsche Bank Nat'l Trust*, No. 10-

---

[2]  As of the date of this Recommendation, Defendants have yet to be served.

cv-02287-ZLW-MJW, 2010 WL 4256212, at *2 (D. Colo. Sept. 28, 2010) (applying to a *pro se* plaintiff the requirement of Fed. R. Civ. P. 65(b)(1)(B) that the movant's attorney certify in writing any efforts made to give notice to adverse parties).  Further, Plaintiff has failed to provide any reason why such notice should be excused.  *See* Fed. R. Civ. P. 65(b)(1)(B).

However, even if Plaintiff were to cure the procedural defects in his request for a TRO, he must still establish: (1) that there is a substantial likelihood that he will prevail on the merits; (2) that, if the injunction is denied, irreparable injury to him will result; (3) that Plaintiff's threatened injury outweighs the opposing party's injury; and (4) that the public interest would not be adversely affected by an injunction.  *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).  Because such injunctive relief "is an extraordinary remedy," Plaintiff's "right to relief must be clear and unequivocal."  *Id.*  Plaintiff fails to present any evidence or argument in the Motion to establish the four elements for emergency injunctive relief.  Thus, a TRO may not issue here.

### III.  Recommendation

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#4] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 3, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge