IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03107-REB-KLM

ROBERT J. DRISKELL,

      Plaintiff,

v.

BRUCE R. THOMPSON, Chief Financial Officer (CFO), doing business as CFO Bruce R.
Thompson Bank of America, N.A, and
BANK OF AMERICA N.A., et al, and John Doe 1-100, successor by merger BAC Home
Loans Serving, LP, formerly known as Countrywide Home Loans, LP,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Dismiss Plaintiff's**

**Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [Docket No. 21; Filed January 3, 2013]

(the "Motion"). The Motion is referred to this Court for recommendation [#22]. Plaintiff has

not filed a response to the Motion and his time to do so has elapsed. The Motion is ripe

for review. The Court has reviewed the Motion, the entire docket, and the applicable law,

and is sufficiently advised in the premises. For the reasons set forth below, the Court

respectfully **RECOMMENDS** that the Motion [#21] be **GRANTED**.

## I. Statement of the Case

### A. Procedural History

Plaintiff, who proceeds in this matter *pro se*, brings this action against a private bank which foreclosed on the mortgage on his home.[1]  While the Complaint consists mainly of various pieces of information Plaintiff appears to have cobbled together from a variety of sources—the result being a Complaint that is very unclear about what specific claims Plaintiff is attempting to assert—liberally reading the Complaint, the Court interprets the Complaint as follows: Plaintiff's "First Claim for Relief" titled "Ultra Vires" appears to be a fraud claim, Plaintiff's "Second Claim for Relief" appears to consist of factual allegations and argument and is not actually a cause of action, and Plaintiff's "Third Claim for Relief" is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and also mentions C.R.S. § 4-9-210.[2]  *See generally Compl.* [#1].[3]  In his "Request for Relief," Plaintiff also seeks damages for "unlawful trespass."  *Id.* at 17.  However, because Plaintiff does not otherwise allege facts in support of a trespass claim, the Court

---

[1]  While the Complaint mentions 42 U.S.C. § 1983 as a basis for jurisdiction, *compl.* [#1] at 2,  to the extent Plaintiff is attempting to bring a claim pursuant to Section 1983, such claim fails as a matter of law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (quotation marks and citations omitted).

[2]  C.R.S. § 4-9-210 does not appear to create a private right of action.  Instead, it allows a debtor to obtain from a secured party information about the secured obligation and the collateral in which the secured party may claim a security interest.

[3]  Because Plaintiff proceeds *pro se*, the Court "afford[s] [his] filings a liberal construction, but [it] do[es] not act as [his] advocate."  *Dillard v. Bank of New York*, 476 F. App'x 690, 691 n.1 (10th Cir. 2012) (unpublished table decision).  Here, Plaintiff's Complaint is difficult to decipher and the Court will not read into it claims for which Plaintiff offers no factual or legal support.

will not treat this request for damages as a separate claim.   Similarly, as part of his "Request for Relief," Plaintiff states that his Fourth, Fifth, Seventh, and Fourteenth Amendment rights were violated by Defendants.[4]   In sum, Plaintiff's Complaint challenges the foreclosure of the property located at 5347 Old Farm Circle East, Colorado Springs, Colorado (the "Property").   *See Motion* [#21] at 2; *see also Fixed/Adjustable Rate Note* [#1-1] at 12; *Lis Pendens Notice of Pending Lawsuit* [#1-1] at 22; *Trans. of Rule 120 Hearing* [#1-1] at 34-66.[5]   Plaintiff seeks monetary damages and injunctive relief in the form of a "release of the Title to [his] property."   *Compl.* [#1] at 17.

On January 3, 2013, Defendant Bank of America, N.A. ("BANA")[6] responded to Plaintiff's Complaint with the instant Motion [#21].   In the Motion, Defendant BANA argues that the Court should abstain from hearing this case.   *Motion* [#21] at 4-6.   Defendant BANA also argues that the Court should dismiss the case pursuant to the *Rooker-Feldman* doctrine because a ruling in this case would interfere with a state court proceeding.   *Id.* at 6-8.   Defendant BANA further argues that the Complaint should be dismissed for failure to comply with Fed. R. of Civ. P. 8 and 10 because "[t]he complaint is merely a screed against

---

[4]   Plaintiff does not include factual allegations and legal arguments in support of any constitutional claims.   Instead, he merely states conclusory allegations.   However, the Court addresses the constitutional claims below in order to provide a complete analysis.

[5]   The Court is not converting the Motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56.   To the contrary, these documents were attached to and referenced in the Complaint [#1].   The Tenth Circuit has made clear that "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint be reference."   *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal citation and quotation omitted).

[6]   On July 15, 2013, Defendant Bruce R. Thompson ("Thompson"), identified as the chief financial officer of BANA, filed a motion to dismiss [#42].   That motion is not addressed in this Recommendation.

3

the bank, demonstrating plaintiff's anger and frustration, but not a legally cognizable cause of action" which does not "explain what BANA did wrong that would entitle [Plaintiff] to the relief [he] seek[s]." *Id.* at 8.  In the alternative, Defendant BANA attacks Plaintiff's claims and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  *Id.* at 9-15.

On January 23, 2013, Plaintiff filed a motion [#24] seeking to extend his time to respond to the Motion and the next day filed an amended motion [#27] seeking the same relief, in which he specified that he sought an extension to March 13, 2013.  On March 18, 2013, both of Plaintiff's motions seeking to extend his deadline to respond to the Motion were denied as moot [#31].  On April 18, 2013, the Court *sua sponte* extended Plaintiff's deadline to respond to the Motion to May 4, 2013.  *Minute Order* [#32] at 1.  Despite the extension, Plaintiff did not file a response.

On July 1, 2013, the Court ordered the parties to file status reports "addressing the status of the State Court Action[7] on or before July 15, 2013 . . . explain[ing] whether the status of the State Court Action moots or otherwise impacts the" Motion [#21].  *See Minute Order* [#39] at 1.  The Status Reports [##40, 41] are discussed in detail below.

## B.   Summary of the Facts

According to the Complaint and relevant documents,[8] on July 11, 2013, Plaintiff

---

[7]  El Paso County District Court case number 12CV0248.

[8]  For the purposes of resolving the Motion, the Court accepts as true all well-pled, as opposed to conclusory, allegations made in Plaintiff's Complaint.  *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however.  First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th

executed a promissory note (the "Fixed/Adjustable Rate Note", or the "Note") in the amount of $152,000.00, payable to America's Wholesale Lender ("AWL"), a company Plaintiff alleges is owned by Countrywide Financial Corporation. *Compl.* [#1] at 2; *Note* [#1-1] at 12. The Note is transferable, and is payable to "anyone who takes [the] Note by transfer and who is entitled to receive payments." *Note* [#1-1] at 12. On the same date, Plaintiff also executed a deed of trust whereby the Property was tendered as security for the repayment of the debt evidenced by the Note. *Deed of Trust* [#1-1] at 1-11. The deed of trust was recorded in the real property records of El Paso County, Colorado, on July 18, 2003, at number 203164376 (the "Deed of Trust"). *Id.*

Plaintiff alleges that AWL securitized Plaintiff's loan after the transaction, and that the loan was included in a group of bonds which were sold to Fannie Mae. *Compl.* [#1] at 2. Plaintiff contends that his loan was sold as a mortgage backed security without his knowledge or permission and that the sale to Fannie Mae was a "fraudulent conversion." *Id.* Plaintiff complains that he "had to pay the liabilities created by their fraudulent conversion of the funds, in the form of payments and interest." *Id.* at 3. Plaintiff claims that on or about July 2008 Bank of America Home Loans[9] "took over the servicing of the alleged

Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has examined the documents submitted by the parties and has determined that each of the documents cited herein may appropriately be considered by the Court in making its Recommendation on the pending Motion.

[9] Presumably this entity is related to Defendant BANA. While Plaintiff refers throughout the Complaint to "B of A" and never mentions BANA in the Complaint other than in the caption and when listing the Defendants, the Court will assume for purposes of this Recommendation that Plaintiff intends to refer to Defendant BANA when he mentions "B of A" in the Complaint.

loan." *Id.* Plaintiff states that sometime thereafter, Defendant BANA initiated foreclosure proceedings against the Property. *Id.* He claims that "[b]efore the foreclosure process began, [he] ordered a payoff demand statement from [BANA] and tendered a payment in full with a negotiable debt discharge instrument which [BANA] received." *Id.* Plaintiff takes the position that BANA "accept[ed] liability for the [discharge] instruments under the rules of acceptance and retention as prescribed by UCC Art. 3 and 4e" which Plaintiff claims means there is no existing debt owed on the Note. *Id.* Plaintiff further claims that "the bank was served several debt validation requests under the FDCPA . . . [and C.R.S. § 4-9-102] which [BANA] failed to answer adequately or within the prescribed time frame." *Id.* Plaintiff alleges that the Rule 120 proceeding violated the FDCPA which "requires all collection activity to cease until the debt is validated." *Id.* Plaintiff claims that the Rule 120 proceeding was biased and that the "documents in question are filled with fraud." *Id.* at 4. In support of his allegations, Plaintiff attaches to his Complaint a transcript of the June 26, 2012 Rule 120 proceeding brought in El Paso County District Court. *See generally Rule 120 Trans.* [#1-1] at 34-66. As a result of the foreclosure hearing, the state court judge entered an Order Authorizing Sale on June 26, 2012. *See generally Request for Judicial Notice, Ex. 1* [#21-2]. In response, Plaintiff filed the State Court Action in El Paso County District Court against Defendant Thompson, Defendant BANA, and Mortgage Electronic Registration Systems, Inc. alleging fraud and breach of contract. *See generally Request for Judicial Notice, Ex. 2* [#21-3]. In the State Court Action complaint, Plaintiff made many of the same factual and legal allegations that he brings in the instant action.[10] *Id.* In the

---

[10] The Court notes that Plaintiff also attached many of the documents he attached to his state court complaint to the Complaint [#1].

State Court Action, Plaintiff seeks an order quieting title and a final judgment stating "that the mortgage is satisfied and abandoned." *Id.* at 11.  On November 28, 2012, Plaintiff filed the instant action.

On July 1, 2013, the Court ordered the parties to file status reports "addressing the status of the State Court Action on or before July 15, 2013 . . . explain[ing] whether the status of the State Court Action moots or otherwise impacts the" Motion [#21].  *See Minute Order* [#39] at 1.  On July 15, 2013, Plaintiff filed a status report [#40] addressing many issues other than the State Court Action. *See generally Pltf.'s Status Report* [#40].  Plaintiff explains that he thought this case had been dismissed. *Id.* at 4-5.  Plaintiff then submits "[n]ew Information [he] would like to submit for the Court's viewing and consideration." *Id.* at 5.  The submission of additional factual information for the Court's consideration at this point in the litigation is improper.  If Plaintiff would like to amend his Complaint [#1], he must file a motion requesting such relief.  Further, the Court notes that Plaintiff's 16-page Status Report [#40] does not address the topic the Court ordered the parties to address—the State Court Action.  What is clear from Plaintiff's Status Report [#40] is that the Property has been foreclosed upon by Defendant BANA and was sold to a third party on March 6, 2013. *Id.* at 5.  Defendants also filed their Status Report [#41] on July 15, 2013. Defendants explain that Defendant BANA and another defendant not named in this action filed a motion to dismiss in the State Court Action which was granted by "Judge Michael McHenry . . . on the merits." *Defs.' Status Report* [#41] at 2; *see also Defs.' Status Report, Exs. B and C* [#41] at 24-37 (the motion to dismiss and order granting the motion to dismiss).  Plaintiff then filed a document which the state court judge construed "as a motion to reconsider" which was denied on February 28, 2013. *Defs.' Status Report* [#41] at 2;

7

*see also Defs.' Status Report, Exs. D and E* [#41] at 38-49 (the document treated as a motion for reconsideration and order denying the motion for reconsideration).  As a result, Defendants argue that because the State Court Action "was concluded with finality," the claims in this action against Defendant BANA" are barred "under the doctrine of claim preclusion." *Defs.' Status Report* [#41] at 2.  Defendants then discuss the legal standard for claim preclusion and the facts of this case, both of which are addressed in more detail below.

## II.  Standard of Review

### A.     Rule 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject matter jurisdiction

depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

## B.    Rule 12(b)(6)

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action

will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  (citation omitted).    That said, "[s]pecific facts are not necessary[.  Instead,] the statement need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden."  *Khalik*, 671 F.3d at 1192 (internal citation and quotation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).

## C.    *Pro Se* Litigants

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276,

10

1277 (10th Cir. 1994).

## III. Analysis

In the Motion, Defendant BANA argues that the Court should abstain from hearing this case, *Motion* [#21] at 4-6, and, alternatively, presents three bases for its request that the Court dismiss Plaintiff's claims: (1) the *Rooker-Feldman* Doctrine precludes this Court's subject matter jurisdiction, *id.* at 4-8; (2) the Complaint should be dismissed for failure to comply with Fed. R. of Civ. P. 8 and 10, *id.* at 8; and (3) in the alternative, Defendant BANA attacks Plaintiff's claims and seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), *id.* at 9-15.  In addition, in their Status Report Defendants argue that Plaintiff is precluded from bringing this action pursuant to the doctrine of *res judicata*.  *Status Report* [#41] at 2, 5.

## A.     *Younger* Abstention

Defendants argue that the Court should abstain from hearing Plaintiff's claims in this case pursuant to *Younger v. Harris,* 401 U.S. 37 (1971).

> *Younger* directs a federal court to abstain from exercising its jurisdiction where: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint[;] and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Dean v. JP Morgan Chase Bank Nat. Ass'n*, No. 10-cv-00539-PAB-MJW, 2011 WL 782727, at *1-2 (D. Colo. Feb. 28, 2011) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs,* 187 F.3d 1160, 1163 (10th Cir.1999)).  "The Court in *Younger* gave two overarching reasons for the 'long-standing public policy against federal court interference with state court proceedings.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.8 (10th Cir. 2013) (quoting *Younger,* 401 U.S. at 43).  "The first reason is founded on 'the

basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.'" *Id.* (quoting *Younger*, 401 U.S. at 43–44). "The second—and 'more vital'—ground is 'the notion of "comity," that is, a proper respect for state functions.'" *Id.* (quoting *Younger*, 401 U.S. at 44). *Younger* is mandatory and does not grant a district court discretion not to abstain unless extraordinary circumstances are present. *See Chapman v. Barcus,* 372 F. App'x 899, 901–02 (10th Cir. 2010). Further, although *Younger* itself involved a request for injunctive relief, its holding also applies to requests for declaratory relief where the declaratory judgment issued by the federal court could be used to interfere with the state court proceedings. *See D.L. v. Unified Sch. Dist., No. 497,* 392 F.3d 1223, 1228 (10th Cir.2004). "Pursuant to the *Younger* abstention doctrine, '[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests.'" *Vail Dev. 09 LLC v. Ground Eng'g Consultants, Inc.*, No. 10-cv-00568-MEH-BNB, 2010 WL 2867861, at *4-5 (D. Colo. July 20, 2010) (quoting *Unified Sch. Dist. No. 497,* 392 F.3d at 1227–28).

Here, an Order Authorizing Sale has issued in the Rule 120 proceeding, *Request for Judicial Notice, Ex. 1* [#21-2], thus the Rule 120 proceeding cannot serve as a basis for *Younger* abstention. *See Kramer v. Vigil*, No. 13-cv-00142-PAM-KLM, 2013 WL 2285076, at *3 (D. Colo. May 22, 2013) (finding that issuance of an Order Authorizing Sale concluded the Rule 120 proceeding and that *Younger* abstention was inapplicable). Unlike in *Kramer*, here Plaintiff also filed the State Court Action relating to essentially the same issues and claims brought in the instant action. *See Request for Judicial Notice, Ex. 2* [#21-3]. At the

time the instant Motion was filed, the State Court Action was still pending.  However, the parties have filed Status Reports providing additional information regarding the disposition of the State Court Action.  *See generally Status Reports* [##40, 41].  The Court takes judicial notice of the fact that El Paso District Court case 12CV0248 was dismissed with prejudice on January 28, 2013.  *See Defs.' Status Report* [#41] at 2; *see also Defs.' Status Report, Exs. B and C* [#41] at 24-37 (the motion to dismiss and order granting the motion to dismiss); *see also Wilson v. Morrissey*, --- F. App'x ---, 2013 WL 2477321, at *1 n.2 (10th Cir. June 11, 2013) (*sua sponte* verifying whether a state court proceeding was currently ongoing for purposes of determining if *Younger* abstention was required "by taking judicial notice of court records").  In addition, the Property has been foreclosed upon by Defendant BANA and was sold to a third party on March 6, 2013.  *Pltf.'s Status Report* [#40] at 5. Therefore, the Court finds that there is no "ongoing state criminal, civil, or administrative proceeding" as required by *Younger.*  Because "the finality of proceedings at the state court level . . . categorically obviates the need for abstention pursuant to *Younger*," the Court concludes that *Younger* is inapplicable.  *Amerson v. Chase Home Fin. LLC*, No. 11-cv-01041-WJM-MEH, 2012 WL 1686168, at *11 (D. Colo. May 7, 2012) (citing *Bolden*, 441 F.3d at 1145; *Amanatullah*, 187 F.3d at 1163); *see also Yancey v. Thomas*, 441 F. App'x 552, 555 (10th Cir. 2011) (finding *Younger* abstention inappropriate because the trial court entered a final order).

**B.     The *Rooker-Feldman* Doctrine**

Defendant BANA argues that the *Rooker-Feldman* Doctrine precludes this Court from exercising subject matter jurisdiction over Plaintiff's claims.  *Motion* [#21] at 4-8. Accordingly, the Court first considers whether it has subject matter jurisdiction over

13

Plaintiff's claims. *See Herrara v. Alliant Specialty Ins. Servs., Inc.*, No. 11-00050- REB-CBS, 2012 WL 959405, at *3 (D. Colo. March 21, 2012) (stating that issues of subject matter jurisdiction "must be resolved before the court may address other issues presented in the motion to dismiss"); *Lightstone Group, LLC v. C.W. Gen. Contractor*, No. 10-cv-03096-PAB, 2010 WL 5387758, at *1 (D. Colo. Dec. 22, 2010) ("Absent an assurance that jurisdiction exists, a court may not proceed in a case.").

"The *Rooker-Feldman* Doctrine prohibits a losing party in state court, 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Morkel v. Davis*, No. 11-4166, 2013 WL 1010556, at *1 (10th Cir. March 15, 2013) (quoting *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)); *see also Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (federal district courts are precluded "from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.") (citations and quotation marks omitted). In 2005, the Supreme Court narrowed the scope of the *Rooker-Feldman* doctrine by mandating that it be applied only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, a court is not barred from exercising jurisdiction under *Rooker-Feldman* even if a plaintiff attempts to litigate in federal court a matter previously litigated in state court, so long as the plaintiff "presents some independent claim." *Id.* at 293. This is true even if a finding in the federal plaintiff's favor "denies a legal conclusion that a state court

14

has reached in a case to which he was a party." *Id.*

Appropriate application of the *Rooker-Feldman* doctrine to a Colorado Rule 120 foreclosure proceeding is dependent on a few variables, including when the federal case was initiated and what relief is sought by the plaintiff. In *Dillard v. Bank of New York*, the Tenth Circuit clarified its determination in *In re Miller*, 666 F.3d 1255, 1262 n.6 (10th Cir. 2012), in which it found cases rejecting *Rooker-Feldman* in the context of Rule 120 proceedings more persuasive than cases applying *Rooker-Feldman*'s preclusive effect. *Dillard*, 476 F. App'x at 692 n.3. The Tenth Circuit explained that its holding in *In re Miller* concluded "that no final judgment is entered in Rule 120 proceedings for purposes of the *Rooker-Feldman* doctrine." *Id.* However, the Tenth Circuit then applied the *Rooker-Feldman* doctrine to the *Dillard* plaintiff's claim arising out of a Rule 120 proceeding, based on the distinguishing factor that the plaintiff was "not seeking to enjoin the sale of her home; rather, she [was] attempting to completely undo the foreclosure and eviction proceedings, which were both final before she ever initiated [the lawsuit]." *Id.* In *McDonald v. OneWest Bank, F.S.B.*, the Tenth Circuit summarized its rulings in *In re Miller* and *Dillard*: "*Rooker-Feldman* [does] not apply to determinations in Colorado Rule 120 proceedings, at least insofar as preventing a foreclosure sale where proceedings are pending." 680 F.3d 1264, 1266 (10th Cir. 2012) (affirming district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); *see also D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) ("*Rooker-Feldman* applies only to suits filed after state proceedings are final.") (quotation and citation omitted).

### 1.   Request for Injunctive Relief

Here, the foreclosure sale has occurred and, among other things, Plaintiff seeks

injunctive relief which would undo the foreclosure sale. *See Compl.* [#1] at 17 (seeking "the release of the Title to my property"); *Pltf.'s Status Report* [#40] at 15 (asking the Court to reverse the foreclosure and eviction process). In addition, Plaintiff also filed the State Court Action challenging the Rule 120 proceeding, which has been fully adjudicated.[11] Here, as in *Dillard*, the *Rooker-Feldman* doctrine applies because the Rule 120 proceeding is final. Further, Plaintiff is seeking injunctive relief that would "completely undo the foreclosure and eviction proceedings." *Dillard*, 476 F. App'x at 692 n.3; see also *Compl.* [#1] at 17 (seeking injunctive relief in the form of a "release of the Title to [his] property."). If the Court were to grant Plaintiff's request for injunctive relief as to the foreclosure, it would engage in the conduct explicitly prohibited by the *Rooker–Feldman* doctrine, *i.e.,* review and rejection of a state court decision in federal court.

This conclusion is consistent with other recent opinions issued in this District. In *Lewis v. Wells Fargo Bank NA*, this Court found that "application of *Rooker-Feldman* leads to the conclusion that the Court is without jurisdiction to provide the declaratory relief sought by Plaintiff, because Plaintiff seeks a reexamination of his right in the foreclosed Property." No. 11-cv-03387-CMA-KLM, 2012 WL 4097709, at *7 (D. Colo. Aug. 21, 2012). Similarly, in *Amerson v. Chase Home Finance LLC*, the Court applied the *Rooker-Feldman* doctrine to bar the plaintiffs' request to quiet title to their foreclosed property. No. 11-cv-01041-WJM-MEH, 2012 WL 1686168 (D. Colo. May 7, 2012). The court found that the form of requested relief "relate[d] directly to the state-court proceedings, as title would not

---

[11] The Court notes that because the State Court Action was not final prior to initiation of this action, the State Court Action cannot serve as a basis for application of the *Rooker-Feldman* doctrine.

be clouded but for the actions of the state court." 2012 WL 1686168 at *10. The court cited to *Dillard* in support of its conclusion that, as to the request to quiet title, "federal court is not the appropriate forum for such relief." *Id.* The court "recommend[ed] dismissal of [the plaintiffs'] request to quiet title because the claim itself depend[ed] on, and in effect attack[ed], a state court finding below," which implicated the preclusive effect of the *Rooker-Feldman* doctrine. *Id.*

Additionally, in *Niederquell v. Bank of America, N.A.*, the Court rejected application of the *Rooker-Feldman* doctrine in denying a motion to remand and a motion to dismiss. No. 11-cv-03185-MSK-MJW, 2012 WL 1578060 (D. Colo. May 4, 2012). The *Niederquell* plaintiffs filed a lawsuit in state court, in which they sought a declaration that a week-old Rule 120 Order authorizing the sale of their property was void. 2012 WL 1578060 at *1. The defendants removed the case to this Court before the foreclosure sale had actually occurred. *Id.* The plaintiffs moved for remand on the basis of the *Rooker-Feldman* doctrine. *Id.* The Court held that the *Rooker-Feldman* doctrine was inapplicable because the entire foreclosure process had not concluded, and therefore denied the plaintiffs' motion for remand. *Id.*

Like *Lewis* and *Amerson*, the instant Plaintiff's request for relief depends on, and in effect attacks, a state court finding below. Here, in fact, Plaintiff attacks two state court findings—both the determinations reached in the Rule 120 proceeding and the State Court Action. Unlike *Niederquell*, the record in the instant matter demonstrates that the entire foreclosure process has been completed. The El Paso County District Court entered an order authorizing the sale of the Property pursuant to Rule 120 and the Property was sold to a third party. *Pltf.'s Status Report* [#40] at 5. Therefore, regardless of the fact that

Plaintiff initiated this lawsuit prior to the foreclosure sale of the Property, the *Rooker-Feldman* doctrine precludes this Court's subject matter jurisdiction over review of the Rule 120 proceeding for two reasons: first, because the foreclosure proceeding has fully concluded, and second, due to the nature of Plaintiff's request for injunctive relief, *i.e.*, an order that would completely undo the foreclosure proceeding.

With respect to the specific claims in Plaintiff's Complaint, application of *Rooker-Feldman* leads to the conclusion that the Court is without jurisdiction to enter an injunction that would undo the foreclosure sale. "Such interference would require this Court to substitute its judgment for [that] of the state court on the issue of property rights, . . . which involves important state interests and looks to state law for their resolution." *Yokomizo v. Deutsche Bank Sec., Inc.*, No. 11-cv-01630-CMA-KLM, 2011 WL 2912691, at *2 (D. Colo. July 20, 2011). Accordingly, the Court recommends that Plaintiff's request for injunctive relief be dismissed without prejudice as precluded by the *Rooker-Feldman* doctrine. *Lambeth v. Miller*, 363 F. App'x 565, 569 (10th Cir. 2010) (dismissal on basis of *Rooker-Feldman* doctrine is without prejudice).

### 2.    Constitutional Claims

As noted above, on the last substantive page of his Complaint, Plaintiff invokes the Fourth, Fifth, Seventh, and Fourteenth Amendments but provides no factual or legal support for any claim regarding violations of his rights pursuant to those Amendments. *See Compl.* [#1] at 17. To the extent Plaintiff attempts to state a claim alleging a violation of his due process rights pursuant to the Fifth and Fourteenth Amendments, such claim would challenge the judicial process engaged in by the state courts. As a result, any such claim should be dismissed without prejudice because reviewing Plaintiffs' due process claim

would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the *Rooker-Feldman* doctrine. *See Dillard*, 476 F. App'x at 692 (holding that the district court correctly dismissed the plaintiff's due process claim in a foreclosure proceeding for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine). To the extent Plaintiff is claiming that the state court erred by permitting Defendant BANA to proceed with the foreclosure process, "the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property." *Yokomizo*, 2011 WL 2912691, at *2 (citing *Beeler Props. LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, 2007 WL 1346591, at *3 (D. Colo. May 7, 2007)). Here, that is exactly why Plaintiff filed the State Court Action. Accordingly, Plaintiff's Fifth and Fourteenth Amendment claims should be dismissed without prejudice.

Plaintiff's invocation of the Fourth Amendment's protection from unlawful searches and seizures is vague and conclusory. To the extent Plaintiff's Fourth Amendment claim challenges the foreclosure and sale of the Property, such claim is barred by the *Rooker-Feldman* doctrine. *See Dillard v. Clark*, No. 12-cv-02266-BNB, 2013 WL 1685840, at *5 (D. Colo. April 18, 2013) (finding that court lacked subject matter jurisdiction to hear Fourth Amendment claim based on an alleged unauthorized eviction). The Complaint is too vague for the to Court determine if Plaintiff is attempting to assert a Fourth Amendment claim on a different basis. Accordingly, Plaintiff's Fourth Amendment claim should be dismissed without prejudice.

Regarding the Seventh Amendment, Plaintiff states: "I have been denied my right to a trial by jury in the 120 hearing . . ." *Compl.* [#1] at 17. Thus, Plaintiff appears to

challenge the constitutionality of the hearing process delineated in Rule 120, not the decision reached by the state court judge in the Rule 120 proceeding. Accordingly, this claim is not barred by the *Rooker-Feldman* doctrine.

### 3.    Fraud and FDCPA Claims

Next, the Court considers whether the *Rooker-Feldman* doctrine bars the litigation of Plaintiff's fraud and FDCPA claims. The pertinent question is whether these claims may have been brought in federal court without respect to what occurred in the state court. *See Amerson*, 2012 WL 1686168 at *10 (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006)). In other words, if the claims do not require an "appellate-type" review of the state court proceedings or judgment, then *Rooker-Feldman* does not apply. *See id.*

Plaintiff's fraud and FDCPA claims are based on the *manner* in which Defendants foreclosed on the Property. Therefore, these claims arose prior to the Rule 120 proceeding and "are not an attack on the [state court] judgment or [state court] proceedings, as in *Dillard*, but rather claims that could have been brought regardless of what occurred at the state-court level." *Amerson*, 2012 WL 1686168, at *10; *see also Castro v. Kondaur Capital Corp.*, Case No. 11-cv-03298-CMA-KLM, Docket Entry No. 46 at 13-14 (D. Colo. Aug. 14, 2012). However, an examination of the complaint filed in the State Court Action shows that Plaintiff already litigated his fraud claim against Defendant BANA[12] in the State Court Action. *See Defs.' Status Report, Ex. A* [#41] at 14 (complaint alleging fraud); *Defs.' Status Report, Ex. C* [#41] at 36 (order granting dismissal of State Court Action with prejudice).

---

[12] While Defendant Thompson was named as a defendant in the State Court Action, he did not participate in the motion to dismiss filed in that case because "Thompson was not served with the complaint." *Defs.' Status Report* [#41] at 1.

Therefore, below the Court will address Defendants' argument that such claim is precluded, but the Court does not find that *Rooker-Feldman* applies to the fraud claim.

Plaintiff's request for money damages pursuant to his FDCPA claim is not an attack on a judgment or proceeding that occurred in the state court. *See McDaniel v. John Suthers*, No. 08-cv-00223-WDM-MEH, 2008 WL 4527697, at *6 (D. Colo. Oct. 2, 2008) (quoting *McKithen v. Brown*, 481 F.3d 89, 98 (2d. Cir. 2007) ("[G]iven that [the plaintiff] in federal court seeks redress for an injury that existed in its exact form prior to the state-court judgment, he cannot be complaining of an injury 'caused by' the state court."). Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not bar this Court from asserting subject matter jurisdiction over Plaintiff's remaining FDCPA claim, fraud claim, or his Seventh Amendment claim. *See Amerson*, 2012 WL 1686168, at *10 (citing *Bolden*, 441 F.3d at 1145).

## C.    Claim Preclusion

In their Status Report, Defendants argue:

> At the time BANA filed its Motion to Dismiss, there was no ruling in the State [Court] Action. However, since that date, the State [Court] Action was concluded with finality, thus barring this action against BANA under the doctrine of claim preclusion.

*Defs.' Status Report* [#41] at 2. Defendants further argue that "the State [Court] Action was brought to remedy perceived wrongs in the origination of plaintiff's loan, as well as any wrongdoing in the sale of the loan or subsequent foreclosure by BANA." *Id.* at 5. Defendants aver that because the state court "found these arguments to be unavailing in the State [Court] Action and dismissed the State [Court] Action with prejudice," Plaintiff is precluded from bringing such claims here. *Id.*

> The doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related. Res judicata generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. A claim is barred by res judicata when the prior action involved identical claims and the same parties or their privies. Collateral estoppel, however, does not always require that the parties be the same. Instead, collateral estoppel requires an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential.

*Frandson v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotation marks omitted). "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue." *SIL-FLO, Inc., SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982)). Here, Defendant BANA only argues that claim preclusion applies and the Court will, therefore, only engage in an analysis of claim preclusion.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81. Therefore, the Court must determine what preclusive effect Colorado would give to the State Court Action. *See Xiangyuan Zhu v. St. Francis Health Ctr.*, 215 F. App'x 717, 719 (10th Cir. 2007) (looking to state law to determine if district court properly applied *res judicata* to bar claim).

The United States Supreme Court determined that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted); see also *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th

Cir. 2005) ("The doctrine of *res judicata*, or claim preclusion, will prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." ).  "The Supreme Court of Colorado has adopted this rule, holding that res judicata 'bars relitigation not only of all issues actually decided, but of all issues that might have been decided.'" *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir. 1996) (quoting *Pomeroy v. Waitkus*, 517 P.2d 396, 399 (Colo. 1973)).  Therefore, under Colorado law, "once judgment is entered in an action it extinguishes the plaintiff's claim including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions out of which the action arose." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005).

Under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.* at 608; *see also Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, --- P.3d ---, 2012 WL 311662, at *3 (Colo. Feb. 2, 2012).[13]  Further, "Defendants have the burden of setting forth facts sufficient to satisfy the elements of *res judicata*." *Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2012 WL 2523077, at *11 (D. Colo. Jan. 19, 2012) (citations omitted).  Here, all four elements are met.  *See Argues Real Estate*, 109 P.3d at 608-610 (affirming lower court decision applying *res judicata* when "there was a final

---

[13] Under Colorado law, there are different legal standards for issue preclusion and claim preclusion.  *See Burlington Ditch Reservoir and Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2001) (providing standards for issue preclusion and claim preclusion). Here, because Defendants only argue claim preclusion, the Court's analysis addresses only the standard for claim preclusion.

judgment in the first case; this case involved the same parcel of land; the claims in this case involved the same assertion of legal right to the parcel as the first case; and [plaintiff] was in privity with [plaintiff in prior suit] and therefore [plaintiff] had an identity of parties in both lawsuits").

### 1.  Finality of the State Court Action

There can be no doubt that the State Court Action is final.  On January 25, 2013, the state court entered an order granting defendants' motion to dismiss and dismissing Plaintiff's claims with prejudice.  *See Defs.' Status Report, Ex. C* [#41] at 36 (order granting dismissal of State Court Action with prejudice).  Plaintiff then filed a document which the state court judge construed "as a motion to reconsider," which was denied on February 28, 2013.  *Defs.' Status Report* [#41] at 2; *see also Defs.' Status Report, Exs. D and E* [#41] at 38-49 (the document treated as a motion for reconsideration and order denying the motion for reconsideration).

### 2.  Identity of Subject Matter

In the State Court Action, Plaintiff: (1) challenged the assignment of his mortgage to Defendant BANA, *Defs.' Status Report, Ex. A* [#41] at 11-12, 15-17;[14] (2) alleged "fraud by deception" and resulting breach of contract regarding his agreement to the mortgage, *id.* at 14-15; (3) claims that the alleged fraudulent assignment of his mortgage voided the mortgage, *id.* at 17; and (4) seeks an order quieting title and a final judgment stating that the "mortgage is satisfied and abandoned" which bars Defendants "from asserting any right, lien, title or interest in the land inconsistent with the interest of claim of the Plaintiff."

---

[14]  Citations are to the State Court Action complaint which was attached to Defendants' Status Report [#41] as Exhibit A.

*Id.* at 18.

In the instant action, Plaintiffs claims against Defendant BANA relate to: (1) his entry into the mortgage, *Compl.* [#1] at 2, 7; (2) the assignment of Plaintiff's mortgage to Defendant BANA, which Plaintiff alleges was "fraudulent," *id.* at 2-3, 6-7, 10; (3) the alleged invalidity of the Rule 120 proceeding, *id.* at 3; (4) Defendant BANA's "unlawful trespass" in attempting to foreclose on the Property, *id.* at. 4; (5) claims that the legal process of foreclosure "is heavily favored and biased toward the Bank," *id.* at 4, 8, 15-16 (allegations regarding the foreclosure); (6) argument relating to the validity of the creation of mortgage backed securities, *id.* at 10-11 ("I allege there was/is no loan, that the parties involved have been involved in fraudulent financial activity that is designed for unjust enrichment[15] for the parties involved . . ."); (7) argument regarding Plaintiff's attempt to send personal checks to Defendant BANA which Plaintiff claims means "the debt has been satisfied," *id.* at 12-14;[16] and (8) an allegation that Defendant BANA, its attorneys, and the state court judge who presided over the Rule 120 proceeding "violated FDCPA . . . and CRS 4[-]9-210 when moving forward with their debt collection activity." *id.* at 16.

It is clear that all of the allegations brought in the State Court Action and the instant action relate to the foreclosure of Plaintiff's mortgage.  Therefore, there is identity of subject matter.  *See Collins v. BAC Home Loans Servicing LP*, 912 F.Supp.2d 997, 1016 (D. Colo. 2012) (finding that prior case based on actions surrounding a foreclosure barred claims

---

[15] Plaintiff's mention of unjust enrichment does not appear to be a cause of action.  Rather, he seems to be challenging the creation of the investment instruments themselves as generally fraudulent and enriching those who created them.

[16] This portion of the Complaint is difficult to understand.  The Rule 120 proceeding examined this issue and concluded that the mortgage had not been satisfied.  *See Trans.* [#1-1] at 58-59 (25:20-26:4), 64-65 (31:20-32:3).

25

brought in subsequent action relating to bank's "collection efforts on the debt"); *Holnam, Inc. v. Indus. Claim Appeals Office*, 159 P.3d 795, 798 (Colo. App. 2006); *Argus*, 109 P.3d at 608 (finding subject matter identical because both cases involved "the same parcel of land and same agreement").

### 3.    Identity of Claims For Relief

In determining whether there is identity of claims for relief, the focus of the inquiry is the injury for which relief is demanded, not the legal theory on which the person asserting the claim relies.  Claim preclusion bars litigation of claims that previously were or might have been decided only if the claims are tied by the same injury. Claims are tied by the same injury where they concern all or any part of the transaction, or series of connected transactions, out of which the original action arose.  In determining what factual grouping constitutes a transaction, the court considers whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.

*Loveland Essential Grp., LLC*, 2012 WL 31162, at *3 (citations, quotations, and internal modifications omitted).  "The same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies."  *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo. 1989) (citation and quotation omitted); *see also Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.").  Here, Plaintiff's claims against Defendant BANA all relate to the foreclosure of Plaintiff's mortgage.  That was the basis for the State Court Action.  Even if Plaintiff asserts a new legal theory such as a claim brought pursuant to the FDCPA, "the injury for which relief is demanded is the same" and the claims are "barred by the principles of claim preclusion and res judicata."  *Marr v. Hughes*, No. 07-cv-01746-WYD-KMT, 2008 WL 4293314, at *2 (D.

Colo. Sept. 16, 2008) (finding that claims brought in federal court relating to easement on property were barred).

The Court must also consider whether the claim brought pursuant to the Seventh Amendment in the instant action could have been brought by Plaintiff in the State Court Action.  *See Aspen Plaza Co. v. Garcia*, 691 P.2d 763, 764 (Colo. App. 1984) (finding claims not barred by *res judicata* if they could not have been brought in prior proceeding); *see also City and Cnty. of Denver v. Block 173 Assocs.*, 814 P.2d 824, 834 (Colo. 1991) (state court claims not barred when federal court dismissed case without considering the issues raised in the state court action).  Plaintiff offers no reason why he did not bring his constitutional claim in the State Court Action and such claims are not subject to exclusive jurisdiction in federal court.  *See Stone v. Powell*, 428 U.S. 465, 494 n.35 (1976) ("State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law.").  Therefore, the Court finds that the third element is met with regard to the fraud claim, the FDCPA claim, and the Seventh Amendment claim.

4.  **Privity Between Parties to the Actions**

This element is met because Defendant BANA was a named party in the State Court Action.  Further, Defendant BANA's motion to dismiss was granted and Plaintiff's claims against Defendant BANA were dismissed with prejudice by the state court judge.  *See Defs.' Status Report* [#41] at 2; *see also Defs.' Status Report, Exs. B and C* [#41] at 24-37 (the motion to dismiss and order granting the motion to dismiss).  Therefore, the Court finds that *res judicata* bars Plaintiff's remaining claims in the present matter.

**D.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

### 1.    Constitutional Claims

Assuming, *arguendo*, that Plaintiff's constitutional claims were not barred either by *Rooker-Feldman* or the doctrine of claim preclusion, Plaintiff fails to state any constitutional claims and, as a result, they would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).   In his "Request for Relief," Plaintiff invokes the Fourth, Fifth, Seventh, and Fourteenth Amendments.

Regarding the Seventh Amendment, Plaintiff states: "I have been denied my right to a trial by jury in the 120 hearing . . ." *Compl.* [#1] at 17.   An administrative proceeding brought pursuant to Colo. R. Civ. P. 120 does not violate Plaintiff's Seventh Amendment rights.   *See Ramsey v. Citibank, N.A.*, No. 10-cv-02653-WYD-CBS, 2011 WL 4485918, *4 (D. Colo. Sept. 28, 2011).

Plaintiff's invocation of the Fourth Amendment's protection from unlawful searches and seizures is vague and conclusory.   Further, the Court can find no basis in the disjointed Complaint for a Fourth Amendment claim.

Plaintiff argues that his Fifth and Fourteenth Amendment rights were violated because he was "deprived of property without due process of law." *Compl.* [#1] at 17.   If this argument is based on Plaintiff's mistaken belief that a judicial proceeding brought pursuant to Rule 120 is illegal, such claim fails as a matter of law.   *See Ramsey*, 2011 WL 4485918, at *4.   If Plaintiff's argument is premised on his belief that his mortgage should not have been foreclosed upon, that issue was litigated in the Rule 120 proceeding and the State Court Action and such argument was found to be baseless.   Finally, to the extent Plaintiff believes that he was deprived of property without due process of law because of the way his mortgage was handled, such claim was dismissed with prejudice in the State

Court Action.

## 2.    FDCPA Claim

Even if Plaintiff's FDCPA claim against Defendant BANA was not otherwise barred, it also fails as a matter of law. "The FDCPA applies only to debt collectors." *Makowski v. First Nat. of Nebraska, Inc.*, No. 12-cv-02280-CMA-MEH, 2013 WL 754922, at *6 (Feb. 6, 2013). The FDCPA specifically excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F). "Courts have consistently ruled that a creditor, mortgage servicing company, or assignee of the debt is not a 'debt collector' under the FDCPA if the entity acquired the loan before it was in default." *Makowski*, 2013 WL 754922, at *6 (citation omitted).

Here, Plaintiff's allegations make clear that Defendant BANA is not a "debt collector" pursuant to the FDCPA. Plaintiff alleges that Defendant BANA "took over the servicing of the alleged loan" on or about July 2008. *Compl.* [#1] at 3. Plaintiff states that sometime thereafter, Defendant BANA initiated foreclosure proceedings against the Property. *Id.* Therefore, Plaintiff's FDCPA claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## 3.    Fraud Claim

In addition to being barred, Plaintiff's fraud claim is also subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). To state a claim of fraud under Colorado law, Plaintiff must allege: "(1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom the representation is made of falsity; (4) representation made with intention that it be acted upon; [and] (5) representation resulting in damages." *Navigators*

*Specialty Ins. Co. v. Beltman*, No. 11-cv-00715-RPM, 2012 WL 5378750, at *6 (D. Colo. Nov. 1, 2012) (quoting *Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987)).  Further, pursuant to Fed. R. Civ. P. 9(b), "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Here, the basis for Plaintiff's fraud claim is unclear.  To the extent Plaintiff is attempting to allege fraud in the foreclosure process, he fails to meet many of these elements, but certainly does not allege that anyone knowingly made a false representation upon which he relied.  In addition, Plaintiff fails to "set forth the who, what, when, where and how of the alleged fraud" and does not "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (citations omitted).  As a result, Plaintiff's fraud claim should be dismissed pursuant to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).

### IV. Conclusion

Accordingly, for the reasons stated above,

IT IS RESPECTFULLY **RECOMMENDED** that the Motion to Dismiss filed by Defendant BANA [#21] be **GRANTED**.

IT IS FURTHER RESPECTFULLY **RECOMMENDED** that Plaintiff's claims against Defendant BANA for injunctive relief, alleged violations of the Fourth Amendment, alleged violations of the Fifth Amendment, and alleged violations of the Fourteenth Amendment be **DISMISSED without prejudice**.

IT IS FURTHER RESPECTFULLY **RECOMMENDED** that Plaintiff's claim against

Defendant BANA for fraud and his claims brought pursuant to the FDCPA, and the Seventh Amendment be **DISMISSED with prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  August 21, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge