IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03107-REB-KLM

ROBERT J. DRISKELL,

    Plaintiff,

v.

BRUCE R. THOMPSON, Chief Financial Officer (CFO), doing business as CFO Bruce R. Thompson Bank of America, N.A,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Bruce R. Thompson's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and (6)** [Docket No. 42; Filed July 15, 2013] (the "Motion"). The Motion is referred to this Court for recommendation [#43]. Plaintiff has not filed a response to the Motion and his time to do so has elapsed. The Motion is ripe for review. The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#42] be **DENIED in part** and **GRANTED in part**.

### I. Statement of the Case

The Court incorporates by reference the case background stated in the Recommendation of United States Magistrate Judge [Docket No. 44; Filed August 21,

2013] which was incorporated in the Order Adopting Recommendation of the United States Magistrate Judge [Docket No. 45; Filed September 10, 2013]. Defendant Thompson ("Thompson") moves to dismiss Plaintiff's Complaint against him pursuant to Rule 12(b)(5) on the ground that service was ineffective. *Motion* [#42] at 5-7. Thompson also moves for dismissal pursuant to Rule 12(b)(6), alleging that Plaintiff failed to state a plausible claim on which relied can be granted. *Id.* at 7-8.[1]

## II. Standard of Review

### A.     Rule 12(b)(5)

The Court may dismiss a case pursuant to Rule 12(b)(5) for insufficient service of process. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. In opposing a motion to dismiss for insufficient service of process, the plaintiff bears the burden of making a *prima facie* case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant. *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008). The Court may consider "affidavits and other documentary evidence" when examining the *prima facie* burden, and shall entitle the plaintiff "to the benefit of any factual doubt." *Id.* However, "[e]ffectuation of service is a precondition to suit . . ." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, a court lacks personal jurisdiction over the defendant. *Okla. Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). The plaintiff must demonstrate

---

[1] The Court summarizes only those arguments which merit analysis.

that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987).

**B.     Rule 12(b)(6)**

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 (internal citation and quotation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

**C.   *Pro Se* Litigants**

The Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

**A.   Rule 12(b)(5)**

Pursuant to Fed. R. Civ. P. 4(e)(1), Plaintiff may effectuate service either by "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made" or by following the requirements of Fed. R. Civ. P. 4(e)(2).  Wright & Miller, Federal Practice and Procedure: Civil 3d § 1094, at 512 ("If Plaintiff chooses to follow one of the specific means of service set out in [Rule 4(e)(2)] and complies with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service is valid under the forum state's law.").

Because service was attempted in North Carolina, Rule 4(e)(1) allows for service by any method allowed under North Carolina law.  The North Carolina Rules of Civil Procedure provide five methods for accomplishing personal service "upon a natural person."  N.C. R. Civ. P. 4(j)(1).  Service may be made by:

> (a) delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; (b) [b]y delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute;

N.C. R. Civ. P. 4(j)(1)(a)-(b) or by various methods of mailing or depositing a copy of the summons and complaint with a designated delivery service.  N.C. R. Civ. P. 4(j)(1)(c)-(e).

Fed. R. Civ. P. 4(e)(1) also allows for service under Colorado law because Colorado is "the state where the district court is located."  Rule 4(e) of the Colorado Rules of Civil Procedure permits, in relevant part, that service is allowed: ". . . at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process."  C.R.C.P. 4(e)(1).

Fed. R. Civ. P. 4(e)(2) states that service may also be accomplished by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

On December 11, 2012, Plaintiff filed with the Court a "Process Receipt and Return" [#20].[2] This document requested service on "Bruce R. Thompson" at "Bank of America Headquarters, 100 Tryon Street, Charlotte, NC 28255." *Id.* However, the document indicates that Thompson was not personally served. *Id.* Rather, the United States Marshal served Farrah Howell, an Assistant Vice President and Assistant Banking Center Manager. *Id.* at 2. Defendant claims that service on Ms. Howell is ineffective pursuant to Fed. R. Civ. P. 4(e)(2)(C) and N.C. R. Civ. P. 4(j)(1)(b) because she "is not authorized by appointment or law to receive service of process on behalf of Thompson." *Motion* [#42] at 6-7. While Thompson does not address Colorado law, the omission does not change the Court's analysis.

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). Plaintiff's Complaint fails to allege that the Court has personal jurisdiction over Defendant Thompson, and does not provide any factual support for finding that Thompson was

---

[2] The Court is not converting the Motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. To the contrary, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . . In such instances, a court's references to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

properly served. *See generally Compl.* [#1]. However, Plaintiff filed a return of service, *see Process Receipt and Return* [#20], and is "entitled to the benefit of any factual doubt." *Allen*, 2008 WL 4080035, at *9. Thompson argues that service is improper, but fails to provide an affidavit or other offer of proof to support his claim that Ms. Howell is incapable of accepting service on his behalf. *Motion* [#42] at 6-7. The Court cannot accept Defendant's unsupported allegations as fact. *See Berget v. Gibson*, 188 F.3d 518, at *8, n.4 (10th Cir. 1999) ("The court is never persuaded by bald assertions of counsel bereft of authentication."); *Galvin v. McCarthy*, No. 07-cv-00885-EWN-BNB, 2007 WL 4224373, at *3 (D. Colo. Nov. 27, 2007) (holding that "conclusory allegations of jurisdiction unsupported by competent proof are insufficient" for determining jurisdiction). Therefore, without an affidavit or other acceptable support for Defendant's allegation regarding Ms. Howell's authorization to receive service on behalf of Thompson, the Court respectfully **recommends** that the District Judge **deny** Defendant's Motion to Dismiss pursuant to Rule 12(b)(5).

**B.    Rule 12(b)(6)**

The Court will next address Defendant Thompson's argument for dismissal pursuant to Rule 12(b)(6). To satisfy the requirements of Rule 12(b)(6), "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  After careful review, the Court acknowledges that, as Defendant points out, Plaintiff fails to reference Thompson anywhere in the Complaint.  *Motion* [#42] at 7; *see generally Compl.* [#1].  A complaint that "fails to state a claim against . . . [an] individual[] whom Plaintiff purports to name as [a] defendant[] . . . [is] subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6)."  *Johnson v. Artemis*, No. 12-cv-001359-WJM-KLM, 2013 WL 3771311, at *3 (D. Colo. July 18, 2013).  Assuming, *arguendo*, that the "agents" referred to in the line "[t]he Bank, their agents . . ." includes Thompson, s*ee Compl.* [#1] at 8, Plaintiff nonetheless still fails to "make clear exactly *who* is alleged to have done *what* to *whom*, [and] to provide . . . fair notice as to the basis of the claims.  *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).  Because of Plaintiff's failure to state a claim under Rule 12(b)(6), the Court respectfully **recommends** that the District Judge **grant** Defendant's motion to dismiss to the extent it is brought pursuant to Rule 12(b)(6).

## IV. Conclusion

Accordingly, for the reasons stated above,

IT IS RESPECTFULLY **RECOMMENDED** that Defendant Bruce R. Thompson's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and (6) [#42] be **DENIED in part** and **GRANTED in part**, and that the Complaint be **DISMISSED without prejudice**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 27, 2013

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge