**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03107-REB-KLM

ROBERT J. DRISKELL,

      Plaintiff,

v.

BRUCE R. THOMPSON, Chief Financial Officer (CFO), doing business as CFO Bruce
R. Thompson Bank of America, N.A, and
John Doe 1-100, successor by merger BAC Home Loans Serving, LP, formerly known
as Countrywide Home Loans, LP,

      Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matter before me is the **Recommendation of United States Magistrate
Judge** [#46],[1] filed September 27, 2013.  No objection having been filed to the
recommendation, I review it for plain error only.  **See Morales-Fernandez v.
Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]

Finding no such error in the magistrate judge's recommended disposition, I find and

---

[1] "[#46]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-
Fernandez**, 418 F.3d at 1122.  In addition, because plaintiff is proceeding *pro se*, I have construed his
pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by
lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007);
**Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th
Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

conclude that the recommendation should be approved and adopted.[3]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#46], filed September 27, 2013, is **APPROVED AND ADOPTED** as an order of this court;

2.  That **Defendant Bruce R. Thompson's Motion To Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and (6)** [#42], filed July 15, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a.  That the motion is **GRANTED** insofar as it seeks dismissal of plaintiff's claims against defendant, Bruce R. Thompson, pursuant to Fed. R. Civ. P. 12(b)(6); and

   b.  That in all other respects, the motion is **DENIED**;

3.  That plaintiff's claims against the remaining defendants, Bruce R. Thompson and John Doe 1-100, are **DISMISSED WITHOUT PREJUDICE**;

4.  That judgment **SHALL ENTER** as follows:

   a.  On behalf of defendants, Bruce R. Thompson, Chief Financial Officer (CFO), doing business as CFO Bruce R. Thompson Bank of America,

---

[3] Although the magistrate judge does not address the issue, I find and conclude that plaintiff's claims against the John Doe defendants should be dismissed as well.  The John Does are designated in the caption as "Successor by Merger BAC Home Loans Serving, LP fka Countrywide Home Loans, LP." Yet in other filings, plaintiff has referred to Bank of America itself as the "Successor by Merger to BAC Homeloans Servicing, LP fka Countrywide Home Loans Servicing, LP."  (**See Status Report** at 5 [#40], filed July 15, 2013.)  Moreover, the complaint contains no factual allegations regarding any entity named "BAC Home Loans Serving, LP" or "Countrywide Home Loans, LP," let alone any facts suggesting that particular individuals associated with either of these entities might be liable to plaintiff. (**See Recommendation** at 8 [#46], filed September 27, 2013) (noting that bare allegation implicating "[t]he Bank [and] their agents" insufficient to give defendants proper notice of the basis of claims alleged against them).  Under these circumstances, where it appears obvious that plaintiff could not prevail on the facts alleged and that allowing him an opportunity to amend his complaint would be futile, a dismissal of these claims *sua sponte* is appropriate. *See Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001).

N.A.; and John Doe 1-100, successor by merger BAC Home Loans

Serving, LP, formerly known as Countrywide Home Loans, LP, against

plaintiff, Robert J. Driskell, on all claims for relief and causes of action

asserted against him by plaintiff; provided that the judgment as to the

claims against these defendants shall be without prejudice; and

b.  On behalf of defendant, Bank of America, N.A., against plaintiff, Robert

J. Driskell, as provided in this court's **Order Adopting Recommendation**

**of the United States Magistrate Judge** ¶ 5 at 2 [#45], filed September

10, 2013; and

6.  That defendants are **AWARDED** their costs, to be taxed by the clerk of the

court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 30, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge